**Sarbjeet SINGH–KAUR, Petitioner,**

v.

**Alberto R. GONZALES, U.S. Attorney General, Respondent.**

No. 06–3402–ag.

United States Court of Appeals, Second Circuit.

Aug. 1, 2007.

Hector M. Roman, Jackson Heights, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division, Michelle Latour, Assistant Director, Joseph A. O'Connell, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. JOSÉ A. CABRANES, and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Petitioner Sarbjeet Singh–Kaur, a native and citizen of India, seeks review of the June 23, 2006 order of the BIA affirming the February 9, 2005 decision of Immigration Judge ("IJ") Douglas B. Schoppert denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Sarbjeet Singh–Kaur,* No. A79 033 336 (B.I.A. June 23, 2006), *aff'g* No. A79 033 336 (Immig. Ct. N.Y. City Feb. 9, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA issues an opinion that fully adopts the IJ's decision, we review the IJ's decision. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005).

We have generally required that petitioners raise to the BIA the specific issues they later raise in this Court. *See Foster v. INS,* 376 F.3d 75, 78 (2d Cir.2004). We have described the issue exhaustion requirement as "mandatory." *Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 119–20 (2d Cir.2007). In determining which arguments constitute "issues," which must be exhausted, and which constitute "subsidiary arguments," which do not, we examine whether an unexhausted argument "constitutes a ground, in and of itself, on which an IJ's denial of [relief] may be based[.]"

*See Steevenez v. Gonzales,* 476 F.3d 114, 117–18 (2d Cir.2007).

Here, the IJ found that Singh–Kaur had not demonstrated that he experienced past harm, or feared future harm, on account of a protected ground. This finding "constitute[d] a ground, in and of itself," on which the denial of asylum was based. *Steevenez,* 476 F.3d at 117–18. Because Singh–Kaur failed to raise this issue with specificity before the BIA, we decline to review the IJ's nexus finding. *See id.* at 117.

Finally, Singh–Kaur's failure to challenge the IJ's denial of his withholding of removal and CAT claims in his BIA appeal precludes our review, and we dismiss the petition for review with respect to these claims. *See* 8 U.S.C. § 1252(d)(1); *Karaj v. Gonzales,* 462 F.3d 113, 119 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).